Nov. Term,
1834.
————
Thorn
v.
Tyler.

Wednesday,
December 17.

(1) Vide *Gordon* v. *Spencer*, Vol. 2, of these Rep. 286, and note.

---

## THORN and Others v. TYLER, Administrator.

An administrator may, under the statute, file a bill in chancery, instead of proceeding at law, against any person who intermeddles with or embezzles any of the goods, &c. of the intestate.

A decree, in such a case, against two defendants for a certain sum, stated that they should be jointly and severally liable for the same. *Held*, that the words "jointly and severally," &c. were merely surplusage, and did not render the decree objectionable.

ERROR to the *Hendricks* Probate Court.

Nov. Term, 1834.

BLACKFORD, J.—This is a bill in chancery, filed in the Probate Court of *Hendricks* county, by *Tyler*, administrator of *Jourdan*, against *Thorn*, *Smith*, *Harris*, and *Farlow*. The bill was taken *pro confesso* as to one of the defendants. The others filed their several answers. There are a variety of depositions taken in the cause. The Probate Court decreed in favour of the complainant, for the sum of 150 dollars and 25 cents, and stated in the decree, that the defendants should be jointly and severally liable to the complainant for the amount. The decree is also for costs against the defendants.

THORN
v.
TYLER.

Wednesday,
December 17.

The plaintiffs in error object to this decree, on the ground that the Court had no jurisdiction of the cause. The allegations in the bill and the proofs are, that *Jourdan* died possessed of a certain quantity of whiskey as his own property; that the complainant administered on his estate; that the defendants, after *Jourdan's* death, fraudulently took possession of the whiskey, with a knowledge that it belonged to *Jourdan's* estate, and converted it to their own use. The objection made is, that the complainant's remedy is at law. This objection is without foundation. The statute on the subject is as follows:—"That if any person shall unlawfully and without authority, intermeddle with or embezzle any of the goods, chattels, rights, credits, moneys, or effects, of a decedent, such person shall be chargeable as an executor of his own wrong, and shall be liable to the action as at common law, of the creditors of such decedent or other person injured by such intermeddling and embezzlement, to the extent of the damages sustained thereby; or such creditor or other person injured as aforesaid, may sue such wrong-doer as in chancery, and compel him to make answer under oath concerning the premises, and on the final hearing have decree according to justice and equity." R. C. 1831, p. 168. It appears to us, that this statute gives the administrator, in a case like the present, the right to file a bill in chancery, if he prefer that mode of proceeding. He is a party injured by the conversion of the intestate's property, and is within the provision of the statute. The statutory provision referred to, is contained in the 27th section of the act concerning Probate Courts, and shows conclusively the jurisdiction of the Probate Court in the case before us.

Nov. Term,
1834.
_____
THORN
v.
TYLER.

On the merits of the cause, the decree is right. The depositions are amply sufficient to support it.

The plaintiffs in error make an objection to the form of the decree. The decree, after stating the amount to be paid by the defendants below, goes on to say that they shall be jointly and severally liable for that amount. The objection is to the words *jointly and severally*, as inserted in the decree. This objection cannot prevail. The words objected to are merely surplusage. They do not, in any respect, change the effect of the decree. A decree in chancery, or a judgment at law, against several defendants, renders them jointly and severally liable for the money. The execution issues against them jointly, but the amount may be collected from any one of them.

*Per Curiam.*—The decree is affirmed, with 1 *per cent.* damages and costs.

C. *Fletcher* and *W. Quarles*, for the plaintiffs.
J. *Eccles* and *C. C. Nave*, for the defendant.